# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TINA SPANN-NEWELL,

    Plaintiff,

v.

RALPH LENZI, *et al.*,

    Defendants.

Case No. 2:10-cv-01293-KJD-LRL

**ORDER**

    Currently pending before this court is Plaintiff's Motion to Set Aside Order of Dismissal for Failure to File Opposition to Defendant's Motion to Dismiss (#27) and Defendant Michael J. Williams and Non-Party Federal National Mortgage Association's Motion for Attorney's Fees and Costs (#18).

    Plaintiff purchased a property in 2006 and fell behind on her mortgage payments in 2009. On or about June 24, 2010, Plaintiff filed an action in state court alleging various causes of action relating to her mortgage. That case was removed to this Court on or about August 2, 2010 (#1). On August 4, 2010, Defendants CTX and Gillespie filed a Motion to Dismiss (#4). The other Defendants joined this motion (#8, #14). Plaintiff failed to respond and the Court issued an order granting the Motion to Dismiss (#25). Defendant Michael J. Williams and Non-Party Federal

National Mortgage Association filed their Motion for Attorney's Fees and Costs (#18) on September 2, 2010.

I.  Motion to Set Aside Dismissal

On May 2, 2011, Plaintiff filed her Motion (#27) seeking to set aside this Court's dismissal. Plaintiff argues that she was never served with the papers and was not aware of the District Court case until it was raised as a defense in an Unlawful Detainer hearing in North Las Vegas Justice Court on or about April 21, 2011.

Under Federal Rule of Civil Procedure 60(b) the Court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it properly is no longer equitable; or (6) any other reason that justifies relief.

None of these apply here.  Plaintiffs are responsible for keeping their contact information up-to-date in pending cases.  In re Hammer, 940 F.2d 524, 526 (9th Cir. 1991) (upholding denial of motion to set aside default judgment where plaintiff failed to update address and knew or should have known of proceedings).  Additionally, Local Special Rule 2-2 requires that plaintiffs immediately file with the court written notification of any change of address.

In June of 2010, Plaintiff initiated an action in state court which identified her address in the top corner of the first page of the complaint as:

> 3960 Howard Huges Parkway, 500
> Las Vegas, NV 89163

Plaintiff also gave this address in the Summons as the address where "service upon plaintiff may be done."  Defendants properly attempted service upon Plaintiff at the address she provided.  Plaintiff makes no contention that she notified Defendants or the state court of a change of address.  Instead, she claims that Defendants should have served her at the address of the property that was the subject of the lawsuit.

2

Plaintiff's argument for relief is further undermined by her delay in brining this motion. Plaintiff filed an application for a temporary restraining order in state court on August 18, 2010, shortly after the case was removed to this Court. Plaintiff did not bring this Motion until May 2, 2011, nine months later. Had Plaintiff done anything to monitor the status of the restraining order application and lawsuit in state court, she would have become aware of the federal court action. Plaintiff knew or should have known of the action in this Court and responded to it. Plaintiff has not presented adequate grounds for relief under Rule 60(b). The Court's order dismissing this case with prejudice remains in effect.

II.  Motion for Attorney's Fees

The award of attorney's fees is within the Court's discretion. Glenbrook Homeowner's Association Assn. v. Glenbrook Co., 111 Nev. 909, 922 (1995), citing County of Clark v. Blanchard Const. Co., 98 Nev. 488, 492 (1982)).

Here, Defendant Williams and Non-Party Federal National Mortgage Association claim that they are entitled to Attorney's fees because Plaintiff's claim was groundless and designed to harass Defendants. The Court fails to find adequate support in the record for an award of fees on these grounds. See Kahn v. Morse & Mowbray, 121 Nev. 464, 479 (2005).

III.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Tina Spann-Newell's Motion to Set Aside Order of Dismissal (#27) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Williams and Non-Party Federal National Mortgage Association's Motion for Attorney Fees and Costs(#18) is **DENIED**.

DATED this 27th day of June 2011.

_____
Kent J. Dawson
United States District Judge